UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALISHA SIMMONS<br>841 E. 220th Street<br>Euclid, Ohio 44119<br><br>on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>WIRELESS EXCHANGE<br>INTERNATIONAL 4, INC.<br>c/o Statutory Agent Omar Salti<br>2218 Irene Road<br>Wadsworth, OH 44281-8184<br><br>    and<br><br>WIRELESS EXCHANGE<br>INTERNATIONAL 1, INC.<br>c/o Statutory Agent Omar Salti<br>3447 West 130th Street<br>Cleveland, OH 44111<br><br>    and<br><br>WIRELESS EXCHANGE<br>INTERNATIONAL 2, INC.<br>c/o Statutory Agent Omar Salti<br>2218 Irene Road<br>Wadsworth, OH 442818184<br><br>    and<br><br>WIRELESS EXCHANGE<br>INTERNATIONAL 5, INC.<br>c/o Statutory Agent Omar Salti<br>3265 Green Tree Circle<br>Medina, OH 44256 | CASE NO.<br><br>JUDGE<br><br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

|  |  |
|---|---|
| and | ) |
|  | ) |
| WIRELESS EXCHANGE | ) |
| INTERNATIONAL 6, INC. | ) |
| c/o Statutory Agent Omar Salti | ) |
| 3265 Green Tree Circle | ) |
| Medina, OH 44256 | ) |
|  | ) |
| and | ) |
|  | ) |
| WIRELESS EXCHANGE | ) |
| INTERNATIONAL 7, INC. | ) |
| c/o Statutory Agent Omar Salti | ) |
| 3265 Green Tree Circle | ) |
| Medina, OH 44256 | ) |
|  | ) |
| and | ) |
|  | ) |
| WIRELESS EXCHANGE | ) |
| INTERNATIONAL 8, INC. | ) |
| c/o Statutory Agent Omar Salti | ) |
| 3265 Green Tree Circle | ) |
| Medina, OH 44256 | ) |
|  | ) |
| and | ) |
|  | ) |
| OMAR SALTI | ) |
| c/o Wireless Exchange International 4, Inc. | ) |
| 2218 Irene Road | ) |
| Wadsworth, OH 44281-8184 | ) |
|  | ) |
| Defendants. | ) |

Plaintiff Alisha Simmons, by and through counsel, on behalf of themselves and all others similarly-situated, and for her Complaint against Defendants Wireless Exchange International 4, Inc., Wireless Exchange International 1, Inc., Wireless Exchange International 2, Inc., Wireless Exchange International 5, Inc., Wireless Exchange International 6, Inc., Wireless Exchange International 7, Inc., Wireless Exchange International 8, Inc., and Omar Salti ("Wireless Exchange"), alleges and states as follows:

2

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff Alisha Simmons as a result of Defendants' practice and policy of not paying its non-exempt Store Managers, including Plaintiff overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.SC. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's Ohio law and Ohio Constitutional claims pursuant to 28 U.S.C. § 1367.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all relevant times herein, Plaintiff Alisha Simmons was a citizen of the United States, and a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. 203(e) and R.C. 4111.03(D)(3).

7. At times relevant herein, Defendants maintained its principal place of business in Cuyahoga County, Ohio.

8.  At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. 203(d) and R.C. 4111.03(D)(2).

9.  At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. 203(r).

10. At all times relevant herein, Defendant Omar Salti was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in that he acted directly and/or indirectly in the interest of Defendants Wireless Exchange International 4, Inc., Wireless Exchange International 1, Inc., Wireless Exchange International 2, Inc., Wireless Exchange International 5, Inc., Wireless Exchange International 6, Inc., Wireless Exchange International 7, Inc., Wireless Exchange International 8, Inc. in relation to Plaintiff.

11. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 206-207.

13. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

14. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. 216(b).

## FACTUAL ALLEGATIONS

15. Defendant is a wireless cellphone company.

16. Plaintiff Alisha Simmons was employed by Defendant from October 2013 to June

4

2017.

17. At all times relevant herein, Plaintiff was employed by Defendant as a Store Manager.

18. Other similarly-situated employees were employed by Defendant as Store Managers.

19. Plaintiff and other similarly-situated Store Managers were employed by Defendant as non-exempt employees under the FLSA.

20. Plaintiff and other similarly-situated Store Managers were paid an hourly wage plus commission.

21. When Plaintiff and other similarly-situated Store Managers worked less than 40 hours per week they were only paid their hourly wage for the hours they worked.

**(Failure to Pay Overtime Compensation)**

22. Plaintiff and other similarly-situated Store Managers worked more than 40 hours per week, but Defendants failed to pay them overtime compensation for the hours they worked over 40 each workweek.

23. Rather than paying overtime compensation, Plaintiff and other similarly-situated Store Managers were only paid for 40 hours per week, no matter how many hours they actually worked, or were paid straight time for the hours they worked over 40.

**(Failure to Pay for All Hours Worked)**

24. Plaintiff and other similarly-situated Store Managers routinely worked over 40 hours per week but were only paid for 40 hours.

25. Defendants did not pay Plaintiff and other similarly-situated Store Managers for all of the hours they worked each week.

26. As a result of Defendants' practice and policy of not paying Plaintiff and other similarly-situated Store Managers for all of the hours they worked each week, Plaintiff and other similarly-situated Store Managers were denied significant amounts of overtime compensation.

### (Failure to Keep Accurate Records)

27. Defendants failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiff and other similarly-situated Store Managers.

### (Defendant Willfully Violated the FLSA)

28. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. 216(b),[1] and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

30. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All current and former Store Managers employed by Wireless Exchange International at any time between July 27, 2014 and the present.

31. Some of the overtime hours Plaintiff and other similarly-situated Store Managers worked are reflected on their time sheets and pay stubs.

32. Plaintiff estimates that on average she worked approximately ten (10) to twenty (20) overtime hours per week.

---

[1] Plaintiff's Consent Form is attached hereto.

33. Plaintiff is unable to state at this time the exact size of the potential class, by upon information and belief, avers that is consists of several dozen persons.

34. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

35. These similarly-situated employees are known to Defendants and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATION

36. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All current and former Store Managers employed by Wireless Exchange International at any time between July 27, 2014 and the present.

37. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of several hundred persons.

38. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

    (a) whether Defendants failed to pay overtime compensation to its Store Managers for hours worked in excess of 40 each workweek; and

    (b) what amount of monetary relief will compensate Plaintiff Alisha Simmons and other members of the class for Defendants' violation of R.C. 4111.03 and 4111.10.

  39. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of the other Ohio Class members.

  40. Named Plaintiff Alisha Simmons will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

  41. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

  42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of

pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
**(Fair Labor Standards Act Violations)**

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Defendants' practice and policy of not paying Plaintiff and other similarly-situated Store Managers overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

45. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated Store Managers violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

46. By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

47. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

### COUNT TWO
**(Violations of Ohio Revised Code 4111.03)**

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Defendants' practice and policy of not paying Plaintiff and other similarly-situated Store Managers overtime compensation at the rate of one and one-half times their

regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. 4111.03.

50. By failing to pay Plaintiff and other similarly-situated employees' overtime compensation, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

51. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court hold Defendants joint and severally liable, and:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this

Court deems just and proper.

                              Respectfully submitted,

                              /s/ Lori M. Griffin
                              Lori M. Griffin (0085241)
                              Chastity L. Christy (0076977)
                              Anthony J. Lazzaro (0077962)
                              The Lazzaro Law Firm, LLC
                              920 Rockefeller Building
                              614 W. Superior Avenue
                              Cleveland, Ohio 44113
                              Phone: 216-696-5000
                              Facsimile: 216-696-7005
                              lori@lazzarolawfirm.com
                              chastity@lazzarolawfirm.com
                              anthony@lazzarolawfirm.com
                              Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

                              /s/ Lori M. Griffin
                              One of the Attorneys for Plaintiff

## CONSENT FORM

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through the lawsuit filed against Wireless Exchange.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state wage and hour laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify this case as a collective or class action. If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is certified and then decertified, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

Signature: *Alisha L simmons (Jul 19, 2017)*  Date: Jul 19, 2017

Full Name: Alisha L simmons
Street Address: 841 E. 220th st
City, State, Zip: Euclid Ohio 44119
Phone: 2162099404
Email: queena85@gmail.com

**eSign or return to:**
The Lazzaro Law Firm, LLC
920 Rockefeller Building / 614 W. Superior Avenue / Cleveland, Ohio 44113
Phone: 216-696-5000 / Fax: 216-696-7005
Email: consent@lazzarolawfirm.com / Web: www.lazzarolawfirm.com