IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Alisha Simmons, on behalf of herself, and all others similarly situated, ) ) ) | CASE NO.: 1:17 CV 1573 |
| Plaintiffs, ) ) | JUDGE DONALD C. NUGENT |
| v. ) ) ) | MEMORANDUM OPINION AND ORDER |
| Wireless Exchange International 4, Inc., *et al.*, ) ) ) | |
| Defendants. ) | |

This matter is before the Court on the Plaintiffs' Motion for Summary Judgment on their claims against Defendants for failure to pay overtime compensation to Plaintiffs in violation of the Fair Labor Standards Act, ("FSLA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act, ("OMFWSA"), R.C. 4113.03.(ECF #29) For the reasons that follow, Plaintiffs' Motion for Summary Judgment is granted.

## FACTS[1]

Plaintiff Alisha Simmons brought this collective action against Defendants Wireless Exchange International 4, Inc., Wireless Exchange International 1, Inc., Wireless Exchange International 2, Inc., Wireless Exchange International 5, Inc., Wireless Exchange International 6, Inc., Wireless Exchange International 7, Inc., and Wireless Exchange International 8, Inc.

---

[1] Except as otherwise cited, the factual summary is based on the Complaint and the parties' statements of fact. Those material facts which are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving party.

(collectively "Wireless Exchanges") and Omar Salti asserting that Defendants had a practice and policy of not paying its non-exempt store managers, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each week in violation of the FSLA. Plaintiff further seeks to remedy violations of the OMFWSA. (Compl., ECF #1, introduction and ¶1)

Three additional individuals, Alphonso Durden, Jerry Phillips and Alexandrea Young, submitted consent forms to become Party Plaintiffs in this collective action. (ECF #3) Plaintiff's Motion for Conditional Certification, expedited opt-in discovery and court supervised notice to potential opt-in plaintiffs was granted on January 22, 2018 and the approved notice was sent. No one else filed to join the collective action as a party plaintiff.

Plaintiffs assert that they were employed by Defendants as non-exempt store managers. (ECF #29, Exs. 1-4, Declarations of Alisha Simmons, Alphonso Durden, Jerry Phillips and Alexandrea Young.) Alisha Simmons was employed from October 2013 to June 2017. (ECF#29, Ex. 1, ¶1) Alphonso Durden was employed from October 2015 to April 2017. (ECF #29, Ex. 2, ¶5) Jerry Phillips was employed from April 7, 2014 to October 9, 2015. (ECF #29, Ex. 3, ¶5) Alexandrea Young was employed from November 27, 2015 to April 3, 2015. (ECF #29, Ex. 4, ¶5)

Ms. Simmons asserts that she was paid an hourly wage plus commission. (ECF # 29, Ex. 1, ¶2) She states that she regularly worked over 40 hours per week but was not paid overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each week. Instead, when she worked over 40 hours per week, she was only paid for 40 hours.(Id. ¶¶3-4) Mr. Durden and Ms. Young state that they were paid an hourly wage for

2

the hours they worked. When they worked over 40 hours per week, they were either paid only for 40 hours or were paid straight time for the hours worked over 40. They were not paid one and one-half times their hourly rate for the overtime hours they worked. (ECF #29, Exs.2, 4, at ¶¶1-4)

Defendants, through Omar Salti, the President and majority shareholder of the Wireless Exchange Defendants, confirm that Alisha Simmons and Alphonso Durden were employed by Defendants as managers of Wireless stores. (ECF #39, Ex. 1, Decl. of Omar Salti, ¶¶3, 6) Mr. Salti states that it was his belief that Ms. Simmons and Mr. Durden were exempt from overtime based upon the Department of Labor Fact Sheet provided by his accountant. (Id. ¶8) Mr. Salti also confirms that Alexandrea Young was employed by Defendants briefly but does not think that Ms. Young ever worked more than 40 hours in any workweek. (Id. ¶7) Mr. Salti denies that Mr. Phillips was ever employed by Defendants. (Id. ¶12)

Plaintiff filed the instant motion for summary judgment on April 22, 2019. On July 1, 2019, Defendants filed their opposition to Plaintiff's motion for summary judgment and a motion to for leave to amend their answer. The Court granted Defendants' motion to amend their answer, as well as Defendants' motion to supplement their brief in opposition to Plaintiff's motion for summary judgment. (ECF # 42, #40) On July 15, 2019, opt-in Plaintiff Jerry Phillips filed his notice withdrawing his consent form to become a party Plaintiff. (ECF #44) Plaintiff filed her reply brief in support of her motion for summary judgment on July 23, 2019. Plaintiff's motion for summary judgment is now ready for decision.

## STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252.

4

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## ANALYSIS

### A. Liability

Generally, under the FLSA, any employee who works more than 40 hours in a workweek must receive overtime compensation. See 29 U.S.C. § 207(a)(1). Specifically, employees must be compensated "at a rate not less than one and one-half times the regular rate at which [they are] employed" for every hour worked in excess of forty in a given workweek. 29 U.S.C. § 207(a)(1). In order to establish a claim under FLSA, a plaintiff "must prove by a preponderance of the evidence that he or she performed work for which he or she was not properly compensated." *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir.1999) (citations and internal quotation

marks omitted). Here, each of the three remaining Plaintiffs, Ms. Simmons, and opt-in Plaintiffs, Mr. Durden and Ms. Young, submitted declarations stating that they regularly worked over 40 hours per workweek and were either paid for only 40 hours or were paid straight time for the hours worked in excess of 40. (See ECF #29, Exs.1,2 & 4) Plaintiffs have not submitted any payroll records or other time keeping records in support of their declarations. However, Defendants do not dispute Ms. Simmons' and Mr. Durden's declarations that they often worked in excess of 40 hours per workweek and were not paid one and one-half times their regular rate of pay for the hours worked in excess of forty in a given workweek. Mr. Salti did state that he did "not think [Alexandrea Young worked more than 40 hours in any workweek." (ECF #39, Ex.1 ¶7) Thus, at least Plaintiffs Simmons and Durden have shown a violation under the FLSA. Based upon the conflicting declarations of Mr. Salti and Ms. Young, there is a material question of fact regarding whether Ms. Young worked in excess of 40 hours in a workweek, and was not properly compensated for the hours worked in excess of 40 in any given workweek.

Defendants assert that they are not in violation of the FLSA because the retail sales exemption applies, and or, because Plaintiffs Simmons and Durden are exempt from overtime compensation under the executive exemption. Finally, even if Plaintiffs were not properly compensated under the FLSA, Defendants contend that they should not be liable for past due wages and an equal amount of liquidated damages because they acted in good faith.

Exemptions to the FLSA are affirmative defenses which may be raised by employers. The Sixth Circuit requires that:

> Exemptions, however, " 'are to be narrowly construed against the employers seeking to assert them.' " *Id.* (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960)). The

employer bears the burden of establishing the affirmative defense by a
preponderance of the evidence, and the employer satisfies this burden only
by providing "clear and affirmative evidence that the employee meets
every requirement of an exemption." *Id.* (internal quotation marks omitted).

*Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 847 (6th Cir. 2012).

Moving first to Defendants assertion of the retail sales exemption, the FLSA provides in pertinent part:

> No employer shall be deemed to have violated subsection (a) by
> employing any employee of a retail or service establishment for a
> workweek in excess of the applicable workweek specified therein, if (1)
> the regular rate of pay of such employee is in excess of one and one-half
> times the minimum hourly rate applicable to him under section 206 of this
> title; and (2) more than half his compensation for a representative period
> (not less than one month) represents commissions on goods or services.

29 U.S.C. § 207(i). Here Defendants ignore the numbered elements of § 207(i) and instead simply argue that Defendants are retail or service establishments as defined by the Department of Labor regulations. Even if Defendants are correct that the Wireless establishments are retail or service establishments, in order to be exempted from the overtime pay requirements of § 207 (a), the retail or service establishment employer must also show elements 1 and 2 above. Defendants made no attempt to show that Plaintiffs wages fell within the parameters of § 207 (i)(1) and (2). As such, Defendants have failed to establish the exemption.

However, Plaintiffs have submitted proof that neither element was met in this case. Specifically, Plaintiffs submit the declaration of their counsel, Lori M. Griffin, who analyzed the pay records received from Defendants' accountant, and demonstrated that Plaintiffs Young and Durden are not subject to the retail sales exemption because the first element of § 207(i) was not met. The regular rates of pay of Mr. Durden or Ms. Young ever exceeded one and one-half times

7

the minimum wage. Ms. Simmon's regular rate of pay exceeded one and one-half times the minimum wage only once during her employment with Defendants. Moreover, none of the Plaintiffs wages met the second element of § 207(i) because in order to meet the second element more than half of an employee's compensation for a representative period (not less than a month) must represent commissions. (See Griffin Decl., ECF #46, Ex.1) While it is not their burden, Plaintiffs have demonstrated that §207(i) does not apply to them.

Moving next to the alleged executive exemption, Defendants' brief in opposition to Plaintiff's motion for summary judgment does not explain why the executive exemption should apply, however Mr. Salti briefly explains in his declaration that after discussions with his accountant, "he was under the impression that Alisha Simmons and Alphonso Durden were managers and were exempt from overtime." (ECF #39, Ex. 1 ¶8) Under the executive exemption, an employer need not pay overtime if the employee is "employed in a bona fide executive, administrative, or professional capacity." See 29 U.S.C. § 213(a)(1). An employee qualifies for the executive exemption if the employee:

> (1) is paid on a salary basis at a rate of not less than $455.00 per week; (2) has a primary duty of management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) customarily and regularly directs two or more employees; and (4) has authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100(a)(1)-(4); *Burson v. Viking Forge Corp.*, 661 F. Supp. 2d 794, 799 (N.D. Ohio 2009). Defendants have failed to submit any evidence to support their claim that the executive exemption applies to Ms. Simmons or Mr. Durden. However, Plaintiffs have submitted

proof that neither Ms. Simmons nor Mr. Durden are subject to the executive exemption as neither of them were paid on a salary basis and never earned a salary of $455 per week. (See ECF #46, Exs. 1C and 1E) In order to be paid on a "salary basis" an employee must be paid (1) a predetermined amount, which (2) was not subject to reduction (3) based on quality or quantity of work performed. 29 C.F.R. § 541.602(b); *Orton, supra*, 668 F.3d at 847-848. The exhibits attached to Plaintiff's reply brief and Ms. Griffin's declaration show that Ms. Simmons and Mr. Durdun were paid on an hourly basis. (ECF #46, Ex. 1A and 1B) The Plaintiffs were not paid a "predetermined amount" that was not subject to reduction based on quality or quantity of work performed. Rather, the Plaintiffs' pay records indicate that they were paid their regular hourly rate multiplied by the reported hours worked. If they worked fewer hours, their gross wages went down. As such, neither Ms. Simmons nor Mr. Durden meet the elements of "bona fide executive" exemption under § 213(a)(1). Plaintiffs Simmons and Durden have established that they are entitled to summary judgment on their FLSA claims against Defendants. There is a question of material fact as to whether Plaintiff Young worked more than 40 hours in a workweek. As such, summary judgment as to her FLSA claim is denied.

## 2. Damages

Plaintiffs have requested a hearing to determine the damages that should be awarded for Defendants' violation of the FLSA. In addition to the overtime compensation for the hours that they worked over 40 hours in any given workweek, the FLSA provides for an equal amount of liquidated damages. 29 U.S.C. § 216(b) provides in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of

their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

While the FLSA has a strong presumption in favor of doubling, a court does have the discretion not to award liquidated damages to a prevailing plaintiff if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 840 (6th Cir. 2002) (citations omitted). The burden on the employer to make this showing is substantial and requires "proof that [the employer's] failure to obey the statute was *both* in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon [it] more than a compensatory verdict." *Id.*, citing *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir.1971). Defendants assert that they acted reasonably and in good faith and should not be assessed liquidated damages. The damages to be awarded shall be addressed at trial.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF #29) is granted as to Plaintiff's Alisha Simmons and Alphonso Durden and denied as to Plaintiff Alexandrea Young. Plaintiffs' complaint sought a trial by jury. Accordingly, Ms. Young's FLSA claim, *i.e.*, did she work more than 40 hours in any given work week, as well as all damages and whether Defendants can meet the showing required to avoid liquidated damages, shall be heard by a jury on September 3, 2019 at 8:30 a.m.[2] A trial order shall issue concurrently with this

---

[2] The Court recognizes that under the FLSA, "in addition to any judgment awarded to the plaintiff [the court] shall allow a reasonable attorney's fee to be paid by the defendant,

10

order. Given the near time frame for trial, the parties may submit agreed proposed jury instructions, as well as witness lists and exhibits to the Court on August 30, 2019.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: August 8, 2019

---

and costs of the action." 29 U.S.C. § 216(b). Plaintiff's request for attorneys' fees shall be addressed following the hearing on September 3, 2019.